UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CITIZENS INSURANCE COMPANY
OF THE MIDWEST,

        Plaintiff,

v.

ROCHELLE ALLEN and
KENNETH ALLEN,

        Defendants.
_____/

Case No. 2:22-cv-10733

HONORABLE STEPHEN J. MURPHY, III

**ORDER GRANTING**
**MOTION FOR DEFAULT JUDGMENT [18]**

After the Clerk of the Court entered a default against Defendants Rochelle Allen and Kenneth Allen, ECF 14; 15, Plaintiff moved unopposed for default judgment. ECF 17.[1] Plaintiff served the default judgment motion on Defendants on October 18, 2022. ECF 18, PgID 155. Plaintiff is entitled to default judgment against Defendants under Federal Rule of Civil Procedure 55(b)(2), ECF 1, for the relief requested in the complaint.[2]

---

[1] Plaintiff moved to amend the motion for default judgment the same day it was filed, ECF 18. The amended motion was identical to the original motion for default judgment apart from the omission of an exhibit index. *Compare* ECF 17, PgID 89–90, *with* ECF 18, PgID 141–42. Because the Court will grant the motion for default judgment, the Court will also grant the motion to amend the motion for default judgment, ECF 18, and order the Clerk of the Court to strike the initial motion for default judgment, ECF 17.

[2] Based on the briefing, the Court will resolve the motion without a hearing. *See* 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2688 (4th ed.) ("Rule 55 does not require that testimony be presented as a prerequisite to the entry of a default judgment, and the [C]ourt has discretion to determine whether a

1

Once default is entered, Defendants are treated as having admitted to the complaint's well-pleaded allegations. *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006). If the allegations, taken as true, "are sufficient to support a finding of liability . . . the Court should enter judgment." *Id.* at 848. After the Court determines that default judgment is appropriate, it will "determine[] the amount and character of the [awarded] recovery." 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2688 (4th ed. 2020) (collecting cases). The Court must "conduct an inquiry" to "ascertain the amount of damages with reasonable certainty." *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009) (quotation omitted). "A court may grant injunctive relief in connection with a default judgment." *Silvertronic Ltd. v. Adaptive Interconnect Elecs., Inc.*, No. 1:18-cv-987, 2019 WL 3387449, at *2 (N.D. Ohio Mar. 1, 2019); *see also Fifth Third Bank v. Canfield*, No. 3:14-cv-00300, 2014 WL 3853464, at *2 (W.D. Ky. Aug. 5, 2014) (granting motion for default judgment with respect to the plaintiff's request for a declaratory judgment because the allegations in the complaint established entitlement to a declaratory judgment); *Progressive Hawaii Ins. v. Garza*, No. 3:20-cv-00980, 2021 WL 2952941, at *6 (M.D. Tenn. July 14, 2021) (granting motion for default judgment because the allegations in the complaint established entitlement to a declaratory judgment).

The Court will adopt by reference the factual allegations contained in Plaintiff's complaint, ECF 1, PgID 4–10, and take them as true. *See Ford*, 441 F. Supp. 2d at 846. In its complaint, Plaintiff requested a declaratory judgment and

hearing is necessary.") (footnotes omitted); E.D. Mich. L.R. 7.1(f)(2).

2

stated that Defendant Rochelle Allen committed fraud that entitled Plaintiff, her insurer, to rescind her insurance policy. ECF 1, PgID 17. Plaintiff also requested a declaratory judgment that found Defendant Kenneth Allen was not entitled to insurance coverage from Plaintiff. *Id.* at 18–19.

Plaintiff pleaded facts that entitle it to a declaratory judgment. *See* ECF 1, PgID 4–10. Taken as true, the complaint allegations show actionable fraud and misrepresentation by Defendant Rochelle Allen and support Plaintiff's right to a declaratory judgment. *See Ford*, 441 F. Supp. 2d at 846.

Defendant Rochelle Allen represented in her insurance application that Defendant Kenneth Allen did not reside in the same household as Defendant Rochelle Allen. ECF 1, PgID 7. And Plaintiff relied on her representation. *Id.* Yet Defendant Rochelle Allen later testified that Defendant Kenneth Allen had always resided with her. *Id.* at 6–7. Defendant Kenneth Allen also testified that his permanent residence was with Defendant Rochelle Allen. *Id.* at 9. If Defendant Rochelle Allen had disclosed that fact to Plaintiff, there "would have been a substantial increase in the premium charged" to her. *Id.* at 10. Defendant Rochelle Allen therefore "committed a material misrepresentation in her application for insurance with Plaintiff," and Plaintiff suffered "substantial harm" by charging her a "significantly lower premium for the coverages that she sought." *Id.* Plaintiff is thus entitled to a declaratory judgment that (1) deems the insurance policy issued to Defendant Rochelle Allen void because of misrepresentation and (2) states that Defendant Kenneth Allen is not entitled to insurance coverage from Plaintiff.

The Court will retain jurisdiction to resolve any disputes over enforcement of the default judgment.

**WHEREFORE**, it is hereby **ORDERED** that the motion for default judgment [18] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff is **AWARDED** a declaratory judgment that (1) the insurance policy issued to Defendant Rochelle Allen is void because of misrepresentation and (2) Defendant Kenneth Allen is not entitled to insurance coverage from Plaintiff.

**IT IS FURTHER ORDERED** that the Clerk of the Court must **ENTER** default judgment against Defendants.

**IT IS FURTHER ORDERED** that the Clerk of the Court **STRIKE** the motion for default judgment [17].

This is a final order that closes the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: November 14, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 14, 2022, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager